IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY L. SANDERS,

        Plaintiff,

vs.                                                                                                      No. CIV 02-1195 LCS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## MEMORANDUM OPINION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc.15), filed on July 9, 2003, and Plaintiff's Memorandum in Chief (Doc.12), filed on May 5, 2003. The Commissioner of Social Security issued a final decision denying Plaintiff's applications for disability insurance benefits. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), having considered the Motion, arguments of counsel, administrative record, and applicable law, finds that Plaintiff's Motion to Reverse and Remand for a Rehearing should be **GRANTED**.

**Procedural Background**

Plaintiff, now fifty-two years old, filed an application for disability insurance benefits on September 11, 1998, alleging disability commencing on July 15, 1998, due to cervical spurs, migraines, a seizure disorder and dizziness. Plaintiff has an eleventh grade education, a GED, and past relevant work as a stocker and cook.

The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. The Commissioner's administrative law judge (ALJ) held a hearing and received testimony from Plaintiff and her husband. At the hearing, Plaintiff was represented by a non-attorney.

The ALJ issued his decision on February 20, 2002, analyzing Plaintiff's claim according to the sequential analysis set forth in 20 C.F.R. § 416.920(a)-(f).

At the first step of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At the second step, the ALJ determined that Plaintiff had severe impairments consisting of conversion disorder with pseudoseizures, mild mitral regurgitation, a benign renal cyst, borderline stenosis at C6-7, a transient ischemic episode in February 2001, a histrionic personality, depression, post-traumatic stress disorder and one dissociative episode. At the third step of the sequential analysis, the ALJ found that the severity of Plaintiff's impairments did not meet or medically equal any of the impairments found in the Listing of Impairments, Appendix 1 to Subpart P, 20 C.F.R. §§ 404.1501-.1599.

The ALJ determined that Plaintiff had the residual functional capacity to perform simple tasks at a competitive rate, is able to lift ten pounds frequently and twenty pounds occasionally, is able to stand and walk for up to six hours in an eight hour day, and sit without limitation. At step four, the ALJ found that Plaintiff could return to her past relevant work as a cashier. Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's the request for review. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

**Standard of Review**

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether correct legal standards were applied. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id*. (quotations omitted). Evidence is not substantial if it is overwhelmingly contradicted by other evidence. *See O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted). The district court reviews of the entire record, and may not reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991).

**<u>Discussion</u>**

Plaintiff argues that the ALJ erred in disregarding the opinion of Dr. Patrick J. Homer, D.O., Plaintiff's treating physician, that the ALJ erred by failing to re-contact Dr. Homer, and that the ALJ failed to fulfill his duty under Social Security Ruling 82-62 to adequately develop the record regarding the physical and mental demands of Plaintiff's past relevant work.

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)(1)(A)). At the first four levels of the sequential evaluation process, the claimant must show that she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. § 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

Plaintiff contends that the ALJ erred in discounting the opinion of Dr. Homer. On March 20, 2001, Dr. Homer completed a residual functional capacity form. (R. at 305-306.) Dr. Homer opined that Plaintiff was able to lift up to twenty pounds, could sit for two hours, stand for two hours, walk for two hours, and needed to rest twice daily for 30 minutes each time. (*Id.*) Dr. Homer stated that Plaintiff was unable to work at her past relevant work or any full time occupation, but concluded that her neurological status had returned to normal. (*Id.*) The ALJ discounted Dr. Homer's opinion that because the opinion because it was inconsistent with Dr. Homer's own notes and record and the medical record as a whole. (R. at 22.)

On January 25, 2000, Plaintiff complained of right lower back pain. (R. at 231.) Dr. Homer ordered x-rays, that revealed mild scoliosis on the left and significant lumbar lordosis. (R. at 232.) On June 25, 2000, Plaintiff was admitted to Nor-Lea Hospital with a migraine headache, dizziness and weakness. (R. at 258.) Dr. Homer requested a CT scan of Plaintiff's head and x-rays. (R. at 261-262.) Both were normal. (*Id.*) A February 15, 2001 MRI revealed small bright spots in the basal ganglia, but was otherwise normal. (R. at 297.) Plaintiff's sitting and standing ability was observed to be "very good" and her speech was normal. (R. at 302.) On February 26, 2001, Plaintiff was doing well and her physical examination was normal. (R. at 371.)

On July 15, 2001, Plaintiff was admitted to Lea Regional Medical Center for psychosis after seizure-like activity on July 13, 2001. (R. at 526.) After an intensive work-up, it was determined that Plaintiff's seizures were pseudo-seizures. (*Id.*) Following the seizure-like incident, Plaintiff reported memory problems and insisted that she was nine years old. (*Id.*) Physical examination on admission to the hospital was normal. (R. at 528.) On August 17, 2001, September 17, 2001, November 5, 2001, and December 6, 2001, Dr. Homer noted that Plaintiff was doing well and had no complaints.

(R. 563; 565; 566; 532.)

A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it. *See Goatcher v. Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). However, this deference is premised on several factors, including the degree to which the physician's opinion is supported by relevant evidence, the consistency between the opinion and the record as a whole and whether the physician is a specialist in the area upon which an opinion is rendered. *Goatcher*, 52 F.3d at 290 (*citing* 20 C. F. R. §404.1527(d)(2)-(6)). The ALJ may disregard the opinion of a treating physician where it is unsupported by relevant evidence, inconsistent with the record as a whole, or if other factors contradict the opinion. *Goatcher*, 52 F.3d at 290.

In discounting the opinion of Dr. Homer, the ALJ properly gave specific reasons for doing so, and set forth the factual conflicts between the opinion and the objective evidence and Dr. Homer's own treatment notes. (R. at 22.) A treating physician's opinion is entitled to less weight when his conclusions are unsupported by objective results. *White v. Barnhart*, 287 F.3d 903, 908-09 (10th Cir. 2002). The ALJ properly discounted the opinion of Dr. Homer because it was inconsistent Dr. Homer's own notes and records and with the objective results of medical tests.

Plaintiff argues that the ALJ erred by failing to re-contact Dr. Homer. The Commissioner must re-contact a treating physician when the information the doctor provides is "inadequate ... to determine whether you [the claimant] are disabled." 20 C.F.R. § 416.912(e). The inadequacy of the record, and not rejection of the treating physician's opinion, triggers the duty to re-contact that physician. *White v. Massanari*, 287 F.3d 903, 908 (10th Cir. 2001). The ALJ had the records of Dr. Homer, the records of Plaintiff's other physicians and Plaintiff's hospital records, as well as the records the consulting physicians. The ALJ was able to observe Plaintiff during the hearing. The

record was adequately developed with respect to Dr. Homer's opinion to allow the ALJ to evaluate the opinion. Thus, the ALJ was not required to re-contact Dr. Homer.

Plaintiff asserts that the ALJ failed to fulfill his duty under Social Security Ruling 82-62 to adequately develop the record regarding the physical and mental demands of Plaintiff's past relevant work. Step Four of the sequential analysis is comprised of three phases. *Doyal v. Barnhart*, 331 F.3d 758, 760-761 (10th Cir. 2003); *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the first phase, the ALJ must evaluate the claimant's physical and mental residual functional capacity. *Winfrey*, 92 F.3d at 1023 (*citing Henrie v. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993)). In the second phase, the ALJ must determine the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *Doyal*, 331 F.3d at 761; *Winfrey*, 92 F.3d at 1023. In this case, the ALJ made the ultimate determination without adequate inquiry into the issues on which the determination was predicated.

The ALJ has a duty to develop the record regarding the requirements of a claimant's past work. *Henrie*, 13 F.3d at 360-61. This duty encompasses the obligation to inquire into and make findings regarding the physical and mental demands of the past work. *Id.* To make these findings, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." *Winfrey*, 92 F.3d at 1023. Plaintiff reported that she worked as a stocker at ALCO, putting price tags on merchandise, climbing ladders and placing merchandise on shelves. (R. at 95.) Plaintiff testified that when she worked at ALCO, she checked documents, unloaded trucks, put merchandise on shelves, stood up at the register and worked the

register "some." (R. at 46-47; 50-51.) Plaintiff testified that she worked at Pizza Hut as a cook, and also waited tables and washed dishes "sometimes." (R. at 47.) At Pizza Hut, Plaintiff also waited tables and washed dishes "sometimes." (*Id.*) There was no evidence that Plaintiff ever worked full time as a cashier.

The ALJ failed to make any findings regarding the physical and mental demands of Plaintiff's work as a cashier. There is no evidence in the record regarding the physical and mental demands of a job as a cashier. Additionally, there is no evidence that Plaintiff ever actually worked as a cashier. A remand is required for the ALJ to fully develop the record as to the physical and mental demands of Plaintiff's past relevant work, to complete the *Winfrey* analysis, and to obtain vocational expert testimony in the event that the case proceeds to Step Five.

**Conclusion**

Upon review of the administrative record and the arguments presented, the Court has determined that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc.15), filed on July 9, 2003, and Plaintiff's Memorandum in Chief (Doc.12), filed on May 5, 2003, should be **GRANTED**. On remand, the ALJ will fully develop the record as to the physical and mental demands of Plaintiff's past relevant work, complete the *Winfrey* analysis, and obtain vocational expert testimony if the case proceeds to Step Five.

**AN ORDER OF REMAND CONSISTENT WITH THIS MEMORANDUM OPINION WILL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**

7